ORIGINAL

**BEHROUZ HAFEZI**[1]
**A29-281-728**
**San Diego Detention Center (CCA)**
**PO Box 439049**
**San Ysidro, CA 92143-9049**

FILED
08 FEB -5 PM 3:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BEHROUZ HAFEZI,**<br>**[A29-281-728],**<br><br>**Petitioner,**<br><br>**v.**<br><br>**MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN GARZON, OFFICER-IN-CHARGE,**<br><br>**Respondents.** | Civil Action No. '08 CV 0230 H POR<br><br>**PETITION**<br>**FOR**<br>**WRIT OF HABEAS CORPUS**<br><br>**[28 U.S.C. § 2241]** |

**I.**

**INTRODUCTION**

The petitioner, Behrouz Hafezi, respectfully petitions this Court for a writ of habeas corpus to remedy his unlawful detention.

///

[1]The petitioner is filing this petition for a writ of habeas corpus with the assistance of James Fife and the Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted the petitioner in preparing and submitting his request for the appointment of counsel. Robin Baker is the director of the San Diego field office of U.S. Immigration and Customs Enforcement. He administers federal immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California. In Mr. Baker's capacity as the director of the local office of U.S. Immigration and Customs Enforcement, he has immediate control and custody over the petitioner. John Garzon is the officer in charge of the detention facility holding the petitioner.

Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees (hereinafter "respondents"). He is detained under Respondents' behest and supervision at the detention facility in San Ysidro, California, under the control of the officer in charge.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241(c)(1) and (3), and U.S. Const. art. I., § 9, cl. 2, because the petitioner is being unlawfully detained as a result of U.S. Immigration and Customs Enforcement's ("ICE") misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, 533 U.S. 678, 686-90 (2001). Moreover, his detention violates the Constitution, the laws, and the treaties of the United States. See Magana-Pizano v. INS, 200 F.3d 603, 610 (9th Cir. 2000); Goncalves v. Reno, 144 F.3d 110, 123 (1st Cir. 1998). Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482-83 (1999), makes clear that the petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because the petitioner is detained here. See 28 U.S.C. § 2241, et. seq., and 28 U.S.C. § 1391(e).

## III.

## BACKGROUND

The Petitioner was born in Iran, a member of the Kurdish minority native to that country. He has been ordered removed by the Respondents for having entered the United States without permission. However, Respondents have been unsuccessful for **nearly seventeen years** in obtaining travel documents allowing Petitioner to be returned to Iran. The Iranian officials have not granted permission to repatriate Petitioner and **over seven months** have elapsed since Petitioner has been in Respondents' custody awaiting deportation. Since Petitioner cannot be removed to his destination country or any other alternate country, he is being held

by the respondents based upon a misconstrual of their statutory authority to indefinitely detain non-removable aliens under 8 U.S.C. § 1231(a)(6) and in violation of the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001).

The Petitioner was born in Shahr-e Kord, Iran on December 7, 1964. He is a member of a Kurdish minority group living in Iran which had supported the Shah prior to the Islamic Revolution in that country. Petitioner fled the country in 1986 and lived two years in Turkey. He then traveled to México, where he was able to enter the United States without inspection. He has lived, studied and worked in the United States since 1988. He is married to a U.S. citizen and has a U.S. citizen child.

The Petitioner was ordered removed to Iran on April 30, 1991. Petitioner appeal ed to the BIA and the Ninth Circuit, but was denied relief. His order of removal became final in May 2002. Petitioner was taken into custody for purposes of removal, but deportation was not possible, and Petitioner was released on a $25,000 bond in October 2002. He was returned to Respondents' custody on June 28, 2007, after being arrested at his home. Since that time, Respondents have, again, been unsuccessful in obtaining travel documents to Iran.

Since Petitioner's return to custody, ICE conducted a Post-Order Custody review and decided on **October 2, 2007**, to continue detention, claiming Petitioner, who has been free on bond with no violations of his release conditions for over five years, was a risk of flight. See Appendix A attached hereto. Moreover, ICE claims that obtaining documents from the Iranian government is likely to occur in the reasonably foreseeable future. See id. However, Iranian officials have paradoxically demanded Petitioner being physically present in Iran before it can return to him his original birth certificate, a document necessary for the embassy to process the request for travel documents to Iran.

Because Petitioner is a member of a pro-Shah ethnic minority who fled from the country during war-time and lacks the necessary documentation demanded for travel documents, there is good reason to believe the

removal to Iran is not significantly likely to occur in the reasonably foreseeable future. Under Zadvydas, he must be released from Respondents' custody.

IV.

ARGUMENT

**THIS COURT MUST RELEASE THE PETITIONER FROM THE CUSTODY OF THE RESPONDENTS UNDER APPROPRIATE CONDITIONS OF SUPERVISION.**

Federal law requires the Attorney General to remove a deportable alien from the United States within a ninety-day period after an immigration judge's order of removal becomes administratively final. See 8 U.S.C. § 1231(a)(1); see also Ma v. Ashcroft, 257 F.3d 1095, 1104 (9th Cir. 2002). During the ninety-day removal period, the alien must be detained in custody. See 8 U.S.C. § 1231(a)(2).

If the Attorney General cannot remove the alien within the statutory removal period, the Attorney General can release the person in question under appropriate conditions of supervision, including regular appearances before an immigration officer, travel restrictions, and medical or psychiatric examinations, among other requirements. See Ma, 257 F.3d at 1104; see also 8 U.S.C. § 1231(a)(3) (listing the conditions of supervision for deportable or removable aliens released from immigration custody at the expiration of the ninety-day removal period). The Attorney General may detain a deportable or inadmissible alien beyond the ninety-day removal period, however, when he determines that the person in question would "be a risk to the community or unlikely to comply with the order of removal" if released from immigration custody. 8 U.S.C. § 1231(a)(6).

In Zadvydas, 533 U.S. at 689, the Supreme Court held that 8 U.S.C. § 1231(a)(6) only authorizes a period of detention that is reasonably necessary to bring about an alien's removal from the United States, and "does not permit indefinite detention." If a deportable alien has not been released from immigration custody within a six-month period after the issuance of a final order of removal or deportation, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 699; see also Ma, 257 F.3d at 1102 n.5 (declaring that in Zadvydas, "the Supreme Court read the statute to permit a

'presumptively reasonable' detention period of *six months* after a final order of removal–that is, *three months* after the statutory removal period has ended") (emphasis in original). When a deportable alien "provides *good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701 (emphasis added). Federal officials **must** release a deportable alien from custody under appropriate conditions of supervision when no "significant likelihood of removal [exists] in the reasonably foreseeable future." Id.; see also Ma, 257 F.3d at 1100 (concluding that federal law does not permit the Attorney General to hold someone "for more than a reasonable period" beyond the ninety-day statutory removal window, and mandates release of the alien under 8 U.S.C. § 1231(a)(3), when the alien "has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future").

The Zadvydas court erected a "presumptively reasonable" six-month detention period during which the federal government should attempt to accomplish all reasonably foreseeable removals pursuant to 8 U.S.C. § 1231. Zadvydas, 533 U.S. at 701; see also Ma, 257 F.3d at 1102 n.5. However, Zadvydas held that a detainee cannot be held beyond a period "reasonably necessary" to accomplish his or her removal from the United States. Zadvydas, 533 U.S. at 699. When that removal is no longer foreseeable, the authority to detain is lost: "Consequently, interpreting the statute to avoid a serious constitutional threat, we conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. See 1 E. Coke, Institutes *70b ('*Cessante ratione legis cessat ipse lex*') (the rationale of a legal rule no longer being applicable, the rule itself no longer applies)." Id.

Petitioner has been detained by Respondents since June 28, 2007, **over seven months**, and was ordered deported **nearly seventeen years ago**, in April 1991. Petitioner's detention has exhausted the six-month, reasonable detention period announced in Zadvydas, and release is mandated. Although Petitioner was born

in Iran, the Iranian officials refuse to allow Petitioner to return, and he is caught in a bureaucratic Catch-22. In order to obtain a pardon for those who left the country during the Iran-Iraq War, Petitioner sent his birth certificate to his brother in Iran, who delivered it to the authorities. However, the authorities require that those who left during the war must appear personally to seek pardon, and retained his birth certificate. In the meantime, the Iranian interest section in the United States has required the presentation of that same birth certificate–which Petitioner no longer has–in order to provide documents permitting travel to Iran. Thus, Petitioner cannot be removed without the birth certificate, which he cannot obtain except by being removed to Iran. As manifestly demonstrated by the failure, *despite seventeen years of efforts*, to remove Petitioner to Iran, Respondents cannot secure removal in the reasonably foreseeable future.

There is no likelihood that Petitioner's destination country, or any alternative destination, will grant repatriation in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 700; see also Ma, 257 F.3d at 1112 (holding that section 1231 mandates the release of deportable aliens "at the end of the presumptively reasonable detention period" when "there is no repatriation agreement and no demonstration of a reasonable likelihood that one will be entered into in the near future"). Therefore, the Petitioner **must** be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. at 700-01.

///

///

///

///

///

///

///

///

V.

REQUESTED RELIEF

The Petitioner requests that this Court order the respondents to release him from custody under the conditions of supervision set forth in 8 U.S.C. §1231(a)(3).

VI.

VERIFICATION

I, Behrouz Hafezi, hereby verify that the facts contained in the instant petition are true and correct.

Respectfully submitted,

Dated: 1-31-08

Behrouz Hafezi

**BEHROUZ HAFEZI**
Petitioner

# Appendix A

Alien Copy

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, California 92101

U.S. Immigration and Customs Enforcement

HAFEZI-Haghani, Behrooz
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite #5400
San Diego, California 92158

A29 281 728

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*Immigration and Customs Enforcement (ICE) has requested and is currently awaiting a travel document from the Interests Section of the Islamic Republic of Iran. ICE has documents to show that you are a citizen and national of Iran and it is believed that a travel document will be issued in the foreseeable future. You were ordered removed by an Immigration Judge April 30, 1991, and you have appealed your case to various state and federal courts, which have all ultimately dismissed your appeals. ICE is in position to affect your removal pending the issuance of a travel document. Based on the likelihood of your removal from the United States in the foreseeable future and based on prior elusiveness when released from ICE custody, you are deemed to be a "flight risk" if released, and it is therefore recommended that you remain in custody at this time.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a). If you have not been released or removed from the United States by December 25, 2007, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

[signature]
Signature and Title of Deciding Official

10/2/07
Date

ORIGINAL

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Behrouz Hafezi

SAN DIEGO DETENTION CENTER(CCA), P.O. Box 439049

San Ysidro, CA 92143

(b) County of Residence of First Listed Plaintiff SAN DIEGO

(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

FILED

MICHAEL CHERTOFF, ET AL.

08 FEB -5 AM 11:08

'08 CV 0230 H POR

County of Residence of First Listed Defendant SAN DIEGO

(IN U.S. PLAINTIFF CASES ONLY)

CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BY DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) (619) 557-5662

KAREN P. HEWITT, U.S. ATTY

ATTN: CIVIL PROCESS CLERK

880 FRONT STREET, SAN DIEGO, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2241

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 2/1/08 SIGNATURE OF ATTORNEY OF RECORD Behrouz Hafezi

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______